# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

FERNANDO GALINDO
CLERK OF COURT

8/9/2007

**FILED**
ALEXANDRIA

**AUG 1 5 2007** NEWPORT NEWS
NORFOLK

**RICHARD W. WIEKING** RICHMOND
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk, United States District Court
Northern District of California - San Fancisco Division
450 Golden Gate Avenue
San Francisco, CA 94102

CR 07 - 4G15 mmc

Re:     1:99CR12
United States of America V. Donnie Beckwith

Dear Sir/Madam,

Please find certified copies of the Transfer of Jurisdiction, Indictment, Plea Agreement, Statement of Facts, Judgment, and docket sheet in the above entitled matter, having been transferred to your district pursuant to 18 U.S.C. 3605.

Please acknowledge the receipt of these documents on the duplicate of this letter and return.

Thank you.

Fernando Galindo, Clerk of Court

By: _____
Richard Banke, Deputy Clerk

cc: U.S. Probation Office

PROB 22
(Rev12/06)

**TRANSFER OF JURISDICTION**

DOCKET NUMBER *(Tran. Court)*
1:99CR00012-004

DOCKET NUMBER *(Rec. Court)*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASE | DISTRICT | DIVISION |
|---|---|---|
| Donnie Edward Beckwith
Redwood Shores, California | EASTERN DISTRICT OF VIRGINIA | Alexandria |

NAME OF SENTENCING JUDGE

The Honorable Leonie M. Brinkema

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM
08/13/2007 | TO
08/12/2012 |
|---|---|---|

OFFENSE

Conspiracy to distribute one-hundred (100) grams or more of methamphetamine.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>EASTERN DISTRICT OF VIRGINIA</u>

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the NORTHERN DISTRICT OF CALIFORNIA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

    5/18/07
_____
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>NORTHERN DISTRICT OF CALIFORNIA</u>

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

May 25, 2007
_____
*Effective Date*

_____
*United States District Judge*

A True Copy, Teste:
Clerk, U.S. District Court

By _____
Deputy Clerk

CLOSED

# U.S. District Court
## Eastern District of Virginia (Alexandria)
## CRIMINAL DOCKET FOR CASE #: 1:99-cr-00012-LMB-4

Case title: USA v. Yang, et al., et al

Date Filed: 01/07/1999
Date Terminated: 06/04/1999

Assigned to: District Judge Leonie M. Brinkema

### Defendant

**Donnie Beckwith (4)**
*TERMINATED: 06/04/1999*
*also known as*
Donny Beckwith (4)
*also known as*
Donald Edward Beckwith (4)

represented by **David Rosenblum**
Rosenblum & Rosenblum LLC
228 S Washington St
Suite 300
Alexandria, VA 22314-0058
(703) 548-9002
Email: david@rosenblumllc.com
*TERMINATED: 02/01/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Mark Douglas Henshaw**
9253 Mosby St
Suite 202
Manassas, VA 20110-7417
(703) 369-2005
*TERMINATED: 06/04/1999*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

21:846=CD.F 21:846 CONSPIRACY to
Possess and to Distribute 100 grams or
more of Methamphetamine (Sch. II).
(Ct. 1: 8/26/97)
(1)

### Highest Offense Level (Opening)

### Disposition

BOP for 120 months; 5 Yrs Supervised
Release w/special conditions; S/A
$100.00

A True Copy, Teste:
Clerk, U.S. District Court

By _____

**Deputy Clerk**

Felony

## Terminated Counts                    Disposition

None

## Highest Offense Level (Terminated)

None

## Complaints                           Disposition

None

## Plaintiff

**USA**                                 represented by **LeDora Knight**
*TERMINATED: 01/07/1999*                United States Attorney's Office
                                        2100 Jamieson Ave
                                        Alexandria, VA 22314
                                        (703)299-3700
                                        Email: ledora.knight@usdoj.gov
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/07/1999 | 1 | INDICTMENT as to Kibum Yang (1) count(s) 1, 2, 3, 4, Kiin Yang (2) count(s) 1, 2, 3, 4, Christine Dickman (3) count(s) 1, Donnie Beckwith (4) count(s) 1, Mark L. James (5) count(s) 1 (agil) (Entered: 01/08/1999) |
| 01/08/1999 | | Arraignment set for 9:00 1/19/99 for Kibum Yang, for Kiin Yang, for Christine Dickman, for Beckwith, for Mark L. James (agil) (Entered: 01/08/1999) |
| 01/08/1999 | | Arrest WARRANT issued as to Christine Dickman, Donnie Beckwith, Mark L. James (agil) (Entered: 01/08/1999) |
| 01/12/1999 | 3 | CJA 20 as to Donnie Beckwith Appointment of Attorney David Rosenblum Voucher # 746274 (agil) (Entered: 01/13/1999) |
| 01/19/1999 | | Minute entry as to Donnie Beckwith : before Judge Claude M. Hilton ( Reporter; Linnell) USA appeared through: LeDora Knight Dft(s) appeared through: David Rosenblum. Matter on for arraignment. Dft not present. Bench warrant cont'd. (psid) (Entered: 01/21/1999) |
| 02/01/1999 | 23 | Rule 40 Documents as to Donnie Beckwith received from Northern District of California (agil) (Entered: 02/01/1999) |

| | | |
|---|---|---|
| 02/01/1999 | | Arraignment as to Donnie Beckwith held. Dft WFA, PNG and demanded a jury trial. Motion Hearing set for 9:00 3/5/99 for Donnie Beckwith Jury Trial set for 3/15/99 for Donnie Beckwith ; before Judge T. S. Ellis III ( Reporter: Rodriquez) USA appeared through: LeDora Knight Dft(s) appeared w/counsel Mark Henshaw as retained counsel for dft. Order of substitution of counsel entered in open court substituting Mark Henshaw for David Rosenblum as counsel. All exhibits/instructions to be filed 5 days prior to trial. Dft cont'd on present bond. (psid) (Entered: 02/02/1999) |
| 02/01/1999 | 24 | ORDER as to Donnie Beckwith, Substituting Attorney terminated attorney David Rosenblum for Donnie Beckwith Added Mark Douglas Henshaw ( Signed by Judge T. S. Ellis III ) Copies Mailed: yes (psid) (Entered: 02/02/1999) |
| 02/01/1999 | | Initial appearance as to Donnie Beckwith held (psid) (Entered: 02/02/1999) |
| 03/08/1999 | 44 | TRIAL EXHIBIT CUSTODY FORM filed by USA as to Donnie Beckwith (clerk) (Entered: 03/09/1999) |
| 03/08/1999 | 45 | Exhibit list by USA as to Donnie Beckwith (clerk) (Entered: 03/09/1999) |
| 03/08/1999 | 46 | Proposed Jury Instructions by USA as to Donnie Beckwith (clerk) (Entered: 03/09/1999) |
| 03/11/1999 | | Change of Plea Hearing as to Donnie Beckwith held before Judge Leonie M. Brinkema ( Reporter: Thomson) USA appeared through: Morris Parker Dft(s) appeared through: Mark Henshaw. Defendant plead guilty to Cnt 1 of the Indictment-Court accepts plea. Matter continued to 6/4/99 at 9:00 a.m. for G/L Sentencing. Defendant continued on bond w/additional conditions: defendant to reappear for sentencing, fully cooperate w/USPO, PTS. Defendant referred to USPO for PSI. (rtra) (Entered: 03/11/1999) |
| 03/11/1999 | | PLEA entered by Donnie Beckwith . Court accepts plea. by Donnie Beckwith Guilty: Donnie Beckwith (4) count(s) 1 (rtra) (Entered: 03/11/1999) |
| 03/11/1999 | 47 | Plea Agreement as to Donnie Beckwith filed in open court (rtra) (Entered: 03/11/1999) |
| 03/11/1999 | 48 | STATEMENT OF FACTS as to Donnie Beckwith filed in open court (rtra) (Entered: 03/11/1999) |
| 03/11/1999 | | Sentencing set for 9:00 6/4/99 for Donnie Beckwith Donnie Beckwith (4) count(s) 1 (rtra) (Entered: 03/11/1999) |
| 04/29/1999 | 56 | RESPONSE by USA [55-1] position with respect to sentencing (clar) (Entered: 05/04/1999) |
| 05/06/1999 | 60 | RESPONSE by USA [55-1] position with respect to sentencing (clar) (Entered: 05/06/1999) |

| 05/28/1999 | 69 | POSITION with Respect to Sentencing Factors by Donnie Beckwith (rtra) (Entered: 06/01/1999) |
|---|---|---|
| 05/28/1999 | 70 | Memorandum in Aid of Sentencing by defendant Donnie Beckwith (rtra) (Entered: 06/01/1999) |
| 05/28/1999 | 71 | MOTION by Donnie Beckwith for downward departure (rtra) (Entered: 06/01/1999) |
| 05/28/1999 | 72 | MEMORANDUM by Donnie Beckwith in support of [71-1] motion by Donnie Beckwith for downward departure (rtra) (Entered: 06/01/1999) |
| 05/28/1999 | 73 | NOTICE of Hearing as to Donnie Beckwith :, Motion Hearing set for 9:00 6/4/99 for Donnie Beckwith for [71-1] motion by Donnie Beckwith for downward departure (rtra) (Entered: 06/01/1999) |
| 06/03/1999 | 75 | Supplemental MEMORANDUM by Donnie Beckwith in support of [71-1] motion by Donnie Beckwith for downward departure (clar) (Entered: 06/03/1999) |
| 06/03/1999 | 76 | RESPONSE by USA to [69-1] deft's postion regarding sentencing (clar) (Entered: 06/03/1999) |
| 06/03/1999 | 77 | POSITION with Respect to Sentencing Factors by USA as to Donnie Beckwith (clar) (Entered: 06/03/1999) |
| 06/03/1999 | 78 | RESPONSE by USA to [74-1] deft's postion with respect to sentencing (clar) (Entered: 06/03/1999) |
| 06/04/1999 |  | Sentencing held before Judge Leonie M. Brinkema ( Reporter: Thomson)(USPO:Tammy McCarron) USA appeared through: LeDora Knight Dft(s) appeared through: Mark Henshaw Donnie Beckwith (4) count(s) 1; Court adpots PSI w/o exception. Deft's motion to depart pursuant to "Brock"- argued and Denied. JUDGMENT: BOP for 120 months, deft to be designated to the lowest level facility possible, participate in 500 hrs Intensive Drug Treatment Program, designated to a facility in No. California area. 5 Yrs Supervised Release w/special conditions: deft. to remain drug free, In/Out patient treatment as directed. Fine/Costs waived. S/A $100.00 due immediately. Deft. cont.on bond to self surrender as directed by USMS. (rtra) (Entered: 06/07/1999) |
| 06/04/1999 | 80 | JUDGMENT Donnie Beckwith (4) count(s) 1. BOP for 120 months; 5 Yrs Supervised Release w/special conditions; S/A $100.00 ( Signed by Judge Leonie M. Brinkema ) Copies Mailed: 06.04.99 (rtra) (Entered: 06/07/1999) |
| 07/02/1999 |  | CASE assigned to Judge Leonie M. Brinkema (rtra) (Entered: 07/06/1999) |
| 08/30/2002 | 123 | Receipt for Surrender of Passport as to Donnie Beckwith Passport # 040219330 Country: USA (Received from the Northern District of California) (ctat) (Entered: 09/03/2002) |

| | | |
|---|---|---|
| 09/09/2002 | 124 | ORDERED that any passport, which has not been claimed and has expired, will be returned to the US Dept of State. as to Donnie Beckwith (signed by Judge Hilton). (ctat) (Entered: 09/10/2002) |
| 01/31/2003 | 125 | Arrest WARRANT Returned Unexecuted on 1/30/03 as to Donnie Beckwith (ctat) (Entered: 01/31/2003) |
| 05/18/2007 | ❾144 | Waiver of Hearing to Modify Conds. of prob/Supervised Release or Extend Term of Supervision as to Donnie Beckwith. Signed by Judge Leonie M. Brinkema on 5/18/07. c/s: 5/18/07 (agil) (Entered: 05/18/2007) |
| 08/09/2007 | ❾145 | Probation Jurisdiction Transferred to Northern District of California as to Donnie Beckwith. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (rban, ) (Entered: 08/09/2007) |

AO 245 B (Rev. 5/93) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

Eastern District of Virginia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (For Offenses Committed On or After November 1, 1987) |
| v. | Case Number: 1:99CR00012-004 |

FILED

JUN - 4 1999

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**DONNIE EDWARD BECKWITH**

Mark Henshaw, Esquire
Defendant's Attorney

THE DEFENDANT:

[X]   pleaded guilty to count(s)  I of the Indictment
[ ]   pleaded nolo contendere to count(s) _____
      which (was) (were) accepted by the court.
[ ]   was found guilty on count(s) _____
      after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute one hundred (100) grams or more of Methamphetamine, Sch.II | 08/26/97 | I |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) _____
[ ]   Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  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

Defendant's Date of Birth:  07/03/76

Defendant's USM No.:  43647-083

Defendant's Mailing Address:
924 Salt Court
Redwood Shores, CA

Defendant's Residence Address:
924 Salt Court
Redwood Shores, CA

June 4, 1999

Date of Imposition of Judgment

Signature of Judicial Officer

Leonie M. Brinkema
United States District Judge

Name & Title of Judicial Officer

A True Copy, Teste:
Clerk, U.S. District Court
June 4, 1999
Date By _____

Deputy Clerk

AO 245 B (Rev. 5/93) Sheet 2 - Imprisonment

DEFENDANT:    Donnie Ed    d Beckwith                          Judgment-Page 2 of 6 Pages
CASE NUMBER: 1:99CR00012-004

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred twenty (120) months .

[X]    The court makes the following recommendations to the Bureau of Prisons:

The defendant to be designated to a facility in the Northern California area.
The defendant to be designated to a facility at the lowest security level possible.
The defendant to participate in 500 hrs Intensive Drug Treatment Program.

[X]    The defendant shall surrender to the United States Marshal for this district.

   [X]    as notified by the United States Marshal.

The defendant is continued on the Order Setting Conditions of Release entered January 22,1999 with the additional condition that he must self surrender as directed by the United States Marshal Service. At the time of self surrender the bond conditions will be satisfied.

## RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By_____
                    Deputy Marshal

DEFENDANT:      Donnie Ed   d Beckwith                    Judgment-Page 3 of 6 Pages
CASE NUMBER:  1:99CR00012-004

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, the defendant shall not possess a firearm or destructive device.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the following additional conditions:

The defendant must remain drug free and submit to mandatory drug testing for which defendant must pay.

The defendant must satisfactorily participate in, and complete, any inpatient or outpatient drug treatment to which defendant is directed by the probation officer.

DEFENDANT:      Donnie Edward Beckwith                      Judgment-Page 4 of 6 Pages
CASE NUMBER:  1:99CR00012-004

## STANDARD CONDITIONS OF SUPERVISION

1)      the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)      the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)      the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)      the defendant shall support his or her dependents and meet other family responsibilities;
5)      the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)      the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7)      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician;
8)      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9)      the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 5/93) Sheet 5 - Financial Penalties

DEFENDANT:      Donnie Ed   d Beckwith                          Judgment-Page 5 of 6 Pages
CASE NUMBER:  1:99CR00012-004

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Fine | Restitution |
|-------|------------|------|-------------|
| I | $100.00 | | |
| **Totals:** | **$100.00** | (Satisfied 03/11/99) | |

## FINE

No fines have been imposed in this case.

## RESTITUTION

Restitution has not been ordered in this case.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

[X]     The Special Assessment of $100.00 is due and payable in full immediately.
(Satisfied 03/11/99)

All financial penalty payments are to be made to the Clerk of Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

AO 245 B (Rev. 5/93) Sheet 6 - Statement of Reasons

DEFENDANT:      Donnie Ec    d Beckwith                       Judgment-Page _6_ of _6_ Pages
CASE NUMBER:  1:99CR00012-U04

## STATEMENT OF REASONS

[X]   The Court adopts the factual findings and guideline application in the Presentence Report.


## Guideline Range Determined by the Court:

Total Offense Level: _29_

Criminal History Category: _III_

Imprisonment Range: _108_ to _135_ months  (Mandatory Minimum Sentence 120 months)

Supervised Release Range: _5_ years

Fine Range: $_15,000.00_ to $_4,000,000.00_

   [X]   Fine waived or below the guideline range because of inability to pay.


   [X]   Full restitution is not ordered for the following reason(s):

       Not Applicable

Special Assessment: $_100.00_

[X]   The sentence is within the guideline range, that range exceeds 24 months, and the sentence
       is imposed for the following reason(s):

       The sentence adequately reflects the seriousness of the offense, adequate punishment and deterrence as
       well as protection of the community.

FILED IN OPEN COURT

MAR 1 1 1999

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA.

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA        )
                                )
         v.                     )    CRIMINAL NO. 99-12-A
                                )
DONNIE BECKWITH                 )
                                )
         Defendant.             )

### PLEA AGREEMENT

Helen F. Fahey, United States Attorney for the Eastern District of Virginia, and LeDora Knight, Assistant United States Attorney, and the defendant, Donnie Beckwith and the defendant's counsel, Mark Henshaw, pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

1. The defendant, Donnie Beckwith, agrees to plead guilty to a one Count criminal indictment. Count one charges the defendant with conspiracy to distribute methamphetamine, in violation of Title 21, United States Code, Section 846. Should the Court find that the the defendant is responsible for 100 grams or more of actual methamphetamine, the maximum penalty is a mandatory minimum term of imprisonment of ten (10) years, a maximum term of life imprisonment, a fine of $4,000,000, a special assessment, and at least five (5) years of supervised release. Should the Court find that the defendant is responsible for 10 grams or more, but less than 100 grams of actual methamphetamine, then the penalty is a mandatory minimum term of imprisonment of five (5) years, a maximum term of imprisonment of forty (40) years, a fine

A True Copy, Teste:
Clerk, U.S. District Court

By _____
                Deputy Clerk

of $2,000,000, a special assessment, and at least four (4) years
of supervised release.   The defendant is aware that this
supervised release term is in addition to any prison term the
defendant may receive, and that a violation of a term of
supervised release could result in the defendant being returned
to prison for the full term of supervised release.

2. Before sentencing in this case, the defendant agrees to
pay a mandatory special assessment of one hundred dollars
($100.00) per count of conviction.

3. The Court may, pursuant to Section 5E1.2(d)(7) of the
Sentencing Guidelines and Policy Statements, order the defendant
to pay a fine sufficient to reimburse the government for the
expected costs of any imprisonment, term of supervised release
and probation, if any is ordered.  The defendant agrees: (a) that
any monetary penalty that the Court imposes, including the
special assessment, fine, costs or restitution, is due and
payable immediately; (b) to submit a completed Financial
Statement of Debtor form as requested by the United States
Attorney's Office;  (c) that the Financial Litigation Unit in the
United States Attorney's Office may receive disclosure of all
matters occurring before the grand jury in this and related
cases; and (d) to make no attempt to avoid or delay paying any
monetary penalty through any bankruptcy proceeding.

4. The defendant is aware that the defendant's sentence will
be imposed in accordance with the Sentencing Guidelines and

Policy Statements.  The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.  The defendant is aware that the Court has not yet determined a sentence.  The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the Court.  The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.  The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.  This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

    5. The United States will not further criminally prosecute defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts.

Therefore, defendant does not have immunity for crimes of
violence related to, but not specifically set out in, the
indictment or statement of facts.  Except where specifically
noted, this plea agreement binds only the United States
Attorney's Office for the Eastern District of Virginia and the
defendant; it does not bind any other prosecutor in any other
jurisdiction.

6.  The defendant represents to the Court that defendant is
satisfied that defendant's attorney has rendered effective
assistance.  Defendant understands that by entering into this
agreement, defendant surrenders certain rights as provided in
this agreement.  Defendant understands that the rights of
criminal defendants include the following:

a.  If the defendant persisted in a plea of not guilty
to the charges, defendant would have the right to a speedy jury
trial with the assistance of counsel.  The trial may be conducted
by a judge sitting without a jury if the defendant, the United
States, and the judge all agree.

b.  If a jury trial is conducted, the jury would be
composed of twelve laypersons selected at random.  The defendant
and defendant's attorney would assist in selecting the jurors by
removing prospective jurors for cause where actual bias or other
disqualification is shown, or by removing prospective jurors
without cause by exercising peremptory challenges.  The jury
would have to agree unanimously before it could return a verdict
of either guilty or not guilty.  The jury would be instructed

4

that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

     c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

     d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence in defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

     e. At a trial, the defendant could rely on a privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the refusal to testify. If the defendant desired to do so, the defendant could testify in the defendant's own behalf.

     7. The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity. In that regard:

5

     a.   The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

     b.   The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

     c.   The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

     d.   The defendant agrees that, upon request by the United States, the defendant will voluntarily submit to polygraph examinations to be conducted by a polygraph examiner of the United States' choice.  The defendant stipulates to the admissibility of the results of this polygraph examination if later offered in a proceeding to determine the defendant's compliance with this plea agreement.

     e.   The defendant agrees that the accompanying Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

     f.   The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether a downward departure is appropriate.

6

g.  Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

8.  a.  The United States agrees not to use any truthful information provided pursuant to this agreement against the defendant in any other criminal prosecution against the defendant in the Eastern District of Virginia.  Pursuant to Section 1B1.8 of the Sentencing Guidelines, no truthful information that the defendant provides pursuant to this agreement will be used to enhance the defendant's guidelines range.  The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

b.  Nothing in this plea agreement restricts the Court's or Probation Office's access to information and records in the possession of the United States.  Further, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant provide false, untruthful, or perjurious information or testimony.

9.  This plea agreement is not conditioned upon charges being brought against any other individual.  This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation.  This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation.  This plea agreement

7

is conditioned upon the defendant providing full, complete and truthful cooperation.

10. The parties agree that the United States reserves its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the Sentencing Guidelines and Policy Statements, or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its sole discretion, the United States determines that such a departure is appropriate. The parties agree that in cases where the United States does file such a motion, the United States reserves its option to file a further motion under 18 U.S.C. § 3553(e) to permit a departure under any applicable mandatory minimum sentence, if in its sole discretion the United States determines that such a further motion is appropriate.

11. The accompanying Statement of Facts signed by the defendant is hereby incorporated into this plea agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and that had the matter proceeded to trial, the United States would have proved those facts beyond a reasonable doubt.

12. This plea agreement is being entered into by the United States on the basis of the defendant's express representation that the defendant will make a full and complete disclosure of all assets over which the defendant exercises control, directly or indirectly, or in which the defendant has any financial interest. The defendant agrees to forfeit, and hereby forfeits,

8

whatever interest the defendant has in any drug related asset
that the defendant owns or over which the defendant exercises
control, directly or indirectly, including but not limited to
bank accounts, financial instruments, real or personal property,
both foreign and domestic.  Defendant agrees to waive any
interest in any listed asset in any administrative or judicial
forfeiture proceeding, whether criminal or civil.

13. The defendant agrees to cooperate fully in helping the
United States identify any asset, including undergoing a complete
and thorough debriefing on all the defendant's assets.  This
includes any asset owned or under the control, directly or
indirectly, of the defendant within the one year period preceding
June 1997.  The defendant agrees to undergo any polygraph
examination the United States may choose to administer concerning
such assets and to provide or consent to the release of the
defendant's tax return for the previous year.  Defendant agrees
to forfeit to the United States all of the defendant's interests
in any asset of a value of more than $1000 that, within the
above-mentioned twelve months, the defendant has owned, or in
which the defendant has maintained an interest, the ownership of
which the defendant fails to disclose to the United States in
accordance with this agreement.

14. The defendant agrees to take whatever steps are necessary
to pass clear title to forfeitable assets to the United States,
including, but not limited to, surrendering title, signing a
consent decree, stipulating facts regarding the transfer and

9

basis for the forfeitures and signing any other documents
necessary to effectuate such transfers. The defendant also
agrees to direct any banks which have custody of assets of the
defendant to turn over all funds and records of such assets to
the United States and to testify truthfully in any judicial
forfeiture proceeding as requested by the United States.

15. If the defendant fails in any way to fulfill completely
all of the obligations under this plea agreement, the United
States may seek release from any or all its obligations under
this plea agreement.

16. If the defendant fails to fulfill the obligations under
this plea agreement, the defendant shall assert no claim under
the United States Constitution, any statute, Rule 410 of the
Federal Rules of Evidence, Rule 11(e)(6) of the Federal Rules of
Criminal Procedure, or any other federal rule, that defendant's
statements pursuant to this agreement or any leads derived
therefrom, should be suppressed or are inadmissible.

17. Any alleged breach of this agreement by either party
shall be determined by the Court in an appropriate proceeding at
which the defendant's disclosures and documentary evidence shall
be admissible and at which the moving party shall be required to
establish a breach of the plea agreement by a preponderance of
the evidence. The proceeding established by this paragraph does
not apply, however, to the United States' decision whether to
file a motion based on "substantial assistance" as that phrase is
used in Rule 35(b) of the Federal Rules of Criminal Procedure and

10

Section 5K1.1 of the Sentencing Guidelines and Policy Statements.
The defendant agrees that the decision whether to file such a
motion rests in the United States' sole discretion.

18. This written agreement constitutes the complete plea
agreement between the United States, the defendant, and the
defendant's counsel. The United States has made no promises or
representations except as set forth in writing in this plea
agreement. The defendant acknowledges that no threats have been
made against the defendant and that the defendant is pleading
guilty freely and voluntarily because the defendant is guilty.
Any modification of this plea agreement shall be valid only as
set forth in writing in a supplemental or revised plea agreement
signed by all parties.

19. Defendant's Signature: I hereby agree that I have
consulted with my attorney and fully understand all rights with
respect to the pending criminal indictment. Further, I fully
understand all rights with respect to the provisions of the
Sentencing Guidelines and Policy Statements which may apply in my
case. I have read this plea agreement and carefully reviewed
every part of it with my attorney. I understand this agreement
and I voluntarily agree to it.

Date: _March 11/99_                    _Tommy Beckwith_
                                       Donnie Beckwith
                                       Defendant

20. Defense Counsel Signature: I am counsel for the defendant
in this case. I have fully explained to the defendant the

11

defendant's rights with respect to the pending indictment.
Further, I have reviewed the provisions of the <u>Sentencing</u>
<u>Guidelines and Policy Statements</u> and I have fully explained to
the defendant the provisions of those Guidelines which may apply
in this case.  I have carefully reviewed every part of this plea
agreement with the defendant.  To my knowledge, the defendant's
decision to enter into this agreement is an informed and
voluntary one.

Date: 3/11/99

Mark Henshaw
Counsel for Defendant

Respectfully submitted,

HELEN F. FAHEY
UNITED STATES ATTORNEY

By:

LeDora Knight    FOR
Assistant United States Attorney

APPROVED:

Justin W. Williams    Date: 3/5/99
Justin W. Williams
Chief, Criminal Division

12



FILED IN OPEN COURT

MAR 1 1 1999

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA    )
                            )
        v.                  )   CASE NO. 99-12-A
                            )
DONNIE BECKWITH             )

### STATEMENT OF FACTS

Had this matter proceeded to trial, the United States would
have proven by admissible evidence the following facts beyond a
reasonable doubt.

1.  From in or about February 1997 through in or about mid-
June 1997, in the Eastern District of Virginia and elsewhere, the
defendant, Donnie Beckwith, conspired with Christine Dickman,
Mark James, Ronald Shifflett and other conspirators to distribute
methamphetamine.

2.  Beginning in February 1997, and continuing through in or
about mid-June 1997, defendant Donnie Beckwith obtained
quantities of methamphetamine and methylenedioxymethamphetamine
(MDMA) from Christine Dickman for further distribution.

3.  In or about February 1997, Christine Dickman began using
Beckwith's home at 6221 Summer Pond Drive, Apt. 201C,
Centreville, Virginia, to store, package, and sell marijuana,
methamphetamine and MDMA to Donnie Beckwith, Mark James, Heather
Reilly, and others.

4.  When Dickman was no longer able to obtain MDMA and
methamphetamine from William Daniel O'Neil, the defendant and
Mark James obtained drugs from Ronald Shifflett that he was

A True Copy, Teste:
Clerk, U.S. District Court

By _____
        Deputy Clerk

buying from Kiin and Kibum Yang.

5. The defendant admits that he received methamphetamine and MDMA for further distribution.

Respectfully submitted,

HELEN F. FAHEY
UNITED STATES ATTORNEY

LeDora Knight
Assistant U.S. Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between Donnie Beckwith and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that, had this matter proceeded to trial, the United States would have proven the same beyond a reasonable doubt.

Donnie Beckwith

As attorney for defendant Donnie Beckwith, I carefully reviewed with him the above Statement of Facts. He has knowingly and voluntarily agreed to stipulate to the truthfulness of these facts.

Mark Henshaw
Attorney for Donnie Beckwith

- 2 -

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

JAN 7

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) . |
| | ) CRIMINAL NO.  99-12-A |
| v. | ) |
| | ) Count 1 |
| KIBUM YANG, | ) Conspiracy to Distribute |
| a.k.a. Danny Yang | ) Methamphetamine 21 U.S.C. § 846 |
| (Counts 1-4) | ) |
| | ) |
| KIIN YANG, | ) Counts 2-4 |
| (Counts 1-4) | ) Distribution of Methamphetamine |
| | ) 21 U.S.C. § 841(a)(1) |
| CHRISTINE DICKMAN, | ) |
| a.k.a. Chrissy Dickman | ) |
| (Count 1) | ) |
| | ) |
| DONNIE BECKWITH | ) |
| (Count 1) | ) |
| | ) |
| MARK JAMES | ) |
| (Count 1) | ) |

JANUARY 1999 Term - At Alexandria

INDICTMENT

**THE GRAND JURY CHARGES THAT:**

**GENERAL ALLEGATIONS**

At all times material to this indictment:

1. Methamphetamine is a stimulant that can be smoked, snorted, injected, or taken orally to produce euphoria, increased alertness, a sense of increased energy and tremors.

2. Domestic methamphetamine production is concentrated primarily in the Western and Southwestern United States.

3. Methamphetamine has become a drug of choice at "raves" (all-night dance gatherings) and one of a number of drugs used by college-aged studen

A True Copy, Teste:
Clerk, U.S. District Court

By _____
        Deputy Clerk

A True Copy, Teste:
Kay R Mixon, Acting Clerk

By _____
        Deputy Clerk

## COUNT 1

From in or about December 1996, and continuing thereafter through on or about August 26, 1997, within the Eastern District of Virginia and elsewhere, KIBUM YANG, KIIN YANG, CHRISTINE DICKMAN, DONNIE BECKWITH, and MARK JAMES did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together with each other and with Ronald Shifflett, Heather Reilly,and William Daniel O'Neil named herein as unindicted conspirators, but not as defendants, and with other persons, known and unknown to the grand jury to commit the following offenses against the United States.

1.  To knowingly, intentionally, and unlawfully possess with intent to distribute one-hundred (100) grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and

2.  To knowingly, intentionally, and unlawfully distribute one hundred (100) grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### WAYS, MANNER, AND MEANS TO ACCOMPLISH THE CONSPIRACY

The primary purpose of the conspiracy was to make money in and through trafficking methamphetamine. The ways, manner, and means by which this purpose was carried out included the following:

1.  It was a part of the conspiracy that the conspirators played different roles and took upon themselves different tasks and participated in the affairs of the conspiracy through various

criminal acts. At various times during the life of the conspiracy, conspirators' roles included selling the illegal substance retail or wholesale, storing the substance, driving vehicles to and from drug deals, serving as courier, keeping records, and collecting money.

2. It was a further part of the conspiracy that the conspirators made themselves and their services available at various times throughout the conspiracy and participated in the acquisition and distribution of methamphetamine on an "as needed" basis.

3. It was a further part of the conspiracy that the conspirators would possess and distribute quantities of methamphetamine in the Eastern District of Virginia and elsewhere.

4. It was a further part of the conspiracy that the conspirators derived money from the distribution of methamphetamine.

5. It was a further part of the conspiracy that the conspirators prepared methamphetamine in quantities suitable for street sale.

6. It was a further part of the conspiracy that the conspirators used various methods to conceal the conspiracy and their unlawful drug distribution activities in order to ensure the continuing existence and success of the conspiracy.

7. It was a further part of the conspiracy that the conspirators used telephone paging devices and telephone communications to facilitate their drug trafficking activities.

8. It was a further part of the conspiracy that the

conspirators would conceal and deliver methamphetamine in vehicles in order to facilitate unlawful distribution without detection.

9. It was a further part of the conspiracy that the conspirators would aid and abet each other in the distribution of methamphetamine, cocaine, marijuana, and methylenedioxy methamphetamine (MDMA), commonly known as ecstasy, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### OVERT ACTS

To further the conspiracy and to achieve its objectives, the conspirators committed and caused to be committed the following acts, among others, in the Eastern District of Virginia and elsewhere:

1. Between December 1996 and August 1997, on multiple occasions, CHRISTINE DICKMAN, KIBUM YANG, and others obtained or aided and abetted in obtaining large quantities of methamphetamine and MDMA from William Daniel O'Neil for further distribution.

2. From in or about February 1997 through in or about June 1997, at Lakeside Apartments, Centreville, Virginia, conspirators DONNIE BECKWITH and CHRISTINE DICKMAN stored and distributed MDMA and methamphetamine.

3. In or about the spring of 1997, in Centreville, Virginia, conspirator CHRISTINE DICKMAN provided ounce quantities of methamphetamine to conspirators DONNIE BECKWITH and MARK JAMES for further distribution.

4. In or about the spring of 1997, in Centreville, Virginia, DONNIE BECKWITH and MARK JAMES distributed MDMA and

(                              (

methamphetamine to Heather Reilly and other unindicted conspirators.

5. Between February 1997 and June 1997, in Fairfax, Virginia, DONNIE BECKWITH sold quantities of MDMA and methamphetamine at his place of employment, the Smokehouse Blue Restaurant.

6. From in or about April 1997, through August 1997, in Fairfax, Virginia, KIBUM YANG distributed quantities of MDMA, methamphetamine, marijuana, and cocaine to Ronnie Shifflett, Heather Reilly, KIIN YANG, and other conspirators for further distribution.

7. On or about May 10, 1997, in Fairfax County, Virginia, DONNIE BECKWITH sold to an undercover detective six tablets of Ibuprofen after he had alleged that the substance was MDMA.

8. In or about the spring of 1997, within the Eastern District of Virginia, KIBUM YANG supplied Ronnie Shifflett with approximately eight ounces of methamphetamine that Shifflett distributed to DONNIE BECKWITH for further distribution.

9. On or about June 20, 1997, at Champion Billiards in Arlington, Virginia, KIBUM YANG obtained methamphetamine that he distributed to Heather Reilly for further distribution.

10. On or about June 26, 1997, in Fairfax, Virginia, KIIN YANG obtained one hundred (100) dosage units of MDMA from KIBUM YANG for further distribution.

11. On or about July 28, 1997, in Fairfax, Virginia, KIIN YANG obtained from KIBUM YANG approximately twenty-seven (27) grams of a mixture and substance containing methamphetamine for further distribution.

12. On or about August 21, 1997, KIIN YANG and KIBUM YANG met undercover detectives at the Shark Club Restaurant in Centreville, Virginia, to discuss the distribution of methamphetamine.

13. On or about August 26, 1997, at Holiday Inn at  Fair Oaks Mall, KIBUM YANG distributed to Detective John Flinn more than one hundred (100) grams of a mixture or substance containing methamphetamine.

(In violation of Title 21, United States Code, Section 846.)

(                                    (

## COUNT 2

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 20, 1997, in Centreville, Virginia, within the Eastern District of Virginia, defendants KIIN YANG and KIBUM YANG did unlawfully, knowingly, and intentionally distribute a mixture and substance containing ten grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841 (a) (1) and Title 18, United States Code, Section 2.)

(                    (

## COUNT 3

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 28, 1997, in Fairfax City, Virginia, within the Eastern District of Virginia, defendants KIIN YANG and KIBUM YANG did unlawfully, knowingly, and intentionally distribute ten grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841 (a) (1) and Title 18, United States Code, Section 2.)

## COUNT 4

THE GRAND JURY FURTHER CHARGES THAT:

On or about August 26, 1997, in Fairfax, Virginia, within the Eastern District of Virginia, defendants KIIN YANG and KIBUM YANG did unlawfully, knowingly, and intentionally distribute a mixture and substance containing ten grams or more of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841 (a) (1) and Title 18, United States Code, Section 2.)

A TRUE BILL:

_____
FOREPERSON

_____
HELEN F. FAHEY
UNITED STATES ATTORNEY

by: _____
Justin W. Williams
Assistant United States Attorney
Chief, Criminal Division

_____
LeDora Knight
Assistant U.S. Attorney

No. ..............

# UNITED STATES DISTRICT COURT

*Eastern District of Virginia*

*Alexandria Division*

## THE UNITED STATES OF AMERICA

*vs.*

Kibum Yang
Kiin Yang
Christine Dickman
Donnie Beckwith
Mark James

## INDICTMENT

Ct 1: Conspiracy to Distribute Methamphetamine
(Violation of Title 21, United States Code, Section 846)
Cts 2-4: Distribution of Methamphetamine
(Violation of Title 21, United States Code, Section 841(a)(1))

*A true bill.*

_____
                        *Foreman*

*Filed in open court this* _____ *day,*

*of* _January_ *A.D. 19* _99_

.................................................
                                    *Clerk*

*Bail, $* ..............

_____

RUN ON 08/09/07

FEDERAL COURT SYSTEMS
Eastern District Of Virginia
CASE INQUIRY REPORT

PAGE: 1

CASE NO: 1:99-CR-000012    TITLE: USA VS KIBUM YANG

| DEFENDANT # | | ORDERED AMOUNT | AMOUNT PAID | BALANCE DUE | ACCOUNT | PAYMENT TYPE |
|---|---|---|---|---|---|---|
| 1 | KIBUM YANG | 100.00 | 100.00 | 0.00 | 504100 | SPECIAL ASSESSMENT |
| | | 100.00 | 100.00 | 0.00 | | |
| 2 | KIIN YANG | 100.00 | 100.00 | 0.00 | 504100 | SPECIAL ASSESSMENT |
| | | 100.00 | 100.00 | 0.00 | | |
| 3 | CHRISTINE DICKMAN | 100.00 | 100.00 | 0.00 | 504100 | SPECIAL ASSESSMENT |
| | | 100.00 | 100.00 | 0.00 | | |
| 4 | DONNIE BECKWITH | 100.00 | 100.00 | 0.00 | 504100 | SPECIAL ASSESSMENT |
| | | 100.00 | 100.00 | 0.00 | | |
| 5 | MARK JAMES | 100.00 | 100.00 | 0.00 | 504100 | SPECIAL ASSESSMENT |
| | | 100.00 | 100.00 | 0.00 | | |

| TRANSACTION | RECEIPT/ VOUCHER NUMBER | RECEIPT/ VOUCHER DATE | INCREASE/ (DECREASE) CASE BAL | TYPE OF TRANS- ACTION | ACCOUNT NUMBER | DEFENDANT PAYEE/BANK NUMBER | U.S. TREASURY | COMMERCIAL BANKS | OTHER |
|---|---|---|---|---|---|---|---|---|---|
| RECEIVED | 10012729001 | 03/05/99 | 100.00 | CH | 504100 | 1 | | | 100.00 |
| RECEIVED | 10012745701 | 03/11/99 | 100.00 | CK | 504100 | 4 | | | 100.00 |
| RECEIVED | 10012866301 | 05/07/99 | 100.00 | CK | 504100 | 1 | | | 100.00 |
| RECEIVED | 80190801501 | 05/13/99 | -100.00 | TR | 504100 | 1 | | | -100.00 |
| RECEIVED | 80190801502 | 05/13/99 | 100.00 | TR | 504100 | 2 | | | 100.00 |
| RECEIVED | 10012928001 | 06/04/99 | 100.00 | CK | 504100 | 3 | | | 100.00 |
| RECEIVED | 80183009152 | 06/02/00 | 100.00 | TR | 504100 | 5 | | | 100.00 |

********** CASE SUMMARY **********

TOTAL CASE BALANCE:                500.00

BALANCE IN U.S. TREASURY:          0.00

CASE DEPOSITORY MAINT. BALANCE :                                              0.00

BALANCE IN COMMERCIAL BANKS:                                                  0.00
CASE DEPOSITORY MAINT. BALANCE    ..                                          0.00

DEPOSITS TO RECEIPT ACCOUNTS:                                              500.00

TYPE OF TRANSACTION:
AD: ADJUSTMENT-388800        AJ: ADJUSTMENT          BV: BANK VOUCHER     CH: CASH
BD: DIRECT BANK DEPOSIT      BT: BANK TRANSFER       CC: CREDIT CARD      CR: CASE REFUND
CK: CHECK                    CL: COLLATERAL          CN: CONVERSION       FF: FORFEITURE
CV: CASE VOUCHER             DW: DIRECT WITHDRAWL     DV: DEBIT VOUCHER    VD: VOID
I : INTEREST                 MO: MONEY ORDER         TR: TRANSFER  .